1   **BLUMENTHAL & NORDREHAUG**
       Norman B. Blumenthal (State Bar #068687)
2      Kyle R. Nordrehaug (State Bar #205975)
       Aparajit Bhowmik (State Bar #248066)
3   2255 Calle Clara
    La Jolla, CA 92037
4   Telephone: (858)551-1223
    Facsimile: (858) 551-1232
5
    **UNITED EMPLOYEES LAW GROUP**
6      Walter Haines, Esq. (CSB #71075)
    65 Pine Ave, #312
7   Long Beach, CA 90802
    Telephone: (562) 256-1047
8   Facsimile: (562) 256-1006
9
    Attorneys for Plaintiffs
10

**FILED**

**'07 MAY 23 PM 4:17**

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ **DEPUTY**

11              **UNITED STATES DISTRICT COURT**

12              **SOUTHERN DISTRICT OF CALIFORNIA**

13

14   RAMON BARCIA; MATTHEW CARTER;
     on behalf of themselves, and on behalf of all
15   persons similarly situated,

16              Plaintiff,

17   vs.

18   CONTAIN-A-WAY INC., a California
     corporation, doing business as NEXCYCLE
19   and 20/20 RECYCLE CENTERS,

20              Defendants.

CASE No. **'07 CV 938 IEG (JMA)**

COMPLAINT FOR DAMAGES,
RESTITUTION, AND INJUNCTIVE
RELIEF:
   (1) FAILURE TO PAY EARNED
WAGES AND OVERTIME
COMPENSATION IN VIOLATION OF
CAL. LAB. CODE §§ 204, 210, 218, 51O,
1194 AND 1198;
   (2) FAILURE TO PROVIDE REST
PERIODS IN VIOLATION OF CAL. LAB.
CODE §§ 226.7 AND 512;
   (3) FAILURE TO PROVIDE ACCURATE
ITEMIZED STATEMENTS IN VIOLATION
OF LABOR CODE § 226;
   (4) UNFAIR COMPETITION IN
VIOLATION OF CAL. BUS. & PROF.
CODE § 17200 *et seq.*;
   (5) CLAIM FOR BENEFITS DUE,
DECLARATORY RELIEF AND
EQUITABLE RELIEF UNDER ERISA
PLAN [29 U.S.C. § 1132]; and,
   (6) VIOLATION OF FAIR LABOR
STANDARDS ACT [29 U.S.C. § 216]

DEMAND FOR A JURY TRIAL

1

**INTRODUCTION**

1.      This class action is brought by RAMON BARCIA and MATTHEW CARTER individually and on behalf of all present and former employees employed by DEFENDANTS in California during the Class Period (hereinafter "PLAINTIFFS"). The DEFENDANTS are CONTAIN-A-WAY INC., a California corporations, doing business as NEXCYCLE and 20/20 RECYCLE CENTERS (hereinafter collectively referred to as "DEFENDANTS"). DEFENDANTS systematically failed to pay PLAINTIFFS for the actual numbers of hours worked, regular and overtime, during the Class Period. These employees were unlawfully paid wages based solely upon the hours the recycling site was open to the public, without regard to the fact that all floaters and site attendants were required to work after closing to complete the paperwork and inventory work of the DEFENDANTS. DEFENDANTS have systematically refused to pay this class of employees for the substantial amount of hours worked after site closing, including but not limited to overtime hours. In addition, when acting in the role of the ERISA plan fiduciary for DEFENDANTS' ERISA plan, DEFENDANTS failed to properly record all hours worked by these employees so as to wrongfully prohibit PLAINTIFFS as site attendant and/or floater employees from participating in the DEFENDANTS' ERISA plan and receiving the benefits for which they were eligible under the DEFENDANTS' ERISA plan. All allegations in this Complaint are based upon information and belief except for those allegations which pertain to the PLAINTIFFS named herein and their counsels. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery. PLAINTIFFS seek an injunction enjoining such conduct by DEFENDANTS in the future and a monetary award for the named PLAINTIFFS and all other class members who have been economically injured by DEFENDANTS' past conduct.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 29 U.S.C. § 1132(e) and 29 U.S.C. §216(b). The action is brought as a class action pursuant to Federal Rules of Civil

1  Procedure, §23.  The named PLAINTIFFS bring this action on their own behalf, and on behalf of all

2  persons within the Class as hereinafter defined.

3       3.     Venue is proper in this Court because the DEFENDANTS have and at all relevant

4  times maintained offices in San Diego County, California and committed wrongful conduct against

5  members of the class in San Diego County, California.

6

7  **CLASS DEFINITION**

8       4.     The CLASS consists of all persons employed by DEFENDANTS during the Class

9  Period as a site attendant or floater for one or more of DEFENDANTS' recycling sites in California,

10  who worked more than eight (8) hours in a workday or forty (40) hours in a work week and were

11  unlawfully not paid compensation for such work pursuant to the applicable California Labor Code

12  and Industrial Welfare Commission Wage Order Requirements (the "CLASS").  The Class Period is

13  defined as the period commencing on the date that is within four years prior to the filing of this

14  complaint and through the class period cutoff date (the "Class Period").  To the extent equitable

15  tolling operates to toll claims by the CLASS against DEFENDANTS, the Class Period should be

16  adjusted accordingly.

17       5.     DEFENDANTS, as a matter of a uniform corporate policy, practice and procedure,

18  and in violation of the applicable California Labor Code ("Labor Code") and Industrial Welfare

19  Commission ("IWC") Wage Order Requirements, unlawfully, intentionally and knowingly failed to

20  pay employees for all hours worked, including overtime hours, and instead paid such employees

21  based solely upon the hours the site was open to the public, without regard to the fact that

22  employees were required to remain at the site to complete work after the recycling site closed to the

23  public.

24       6.     DEFENDANTS maintain records from which the Court can ascertain and identify

25  each of DEFENDANTS' employees who as CLASS members have systematically not been paid for

26  the hours worked by the employee, as a matter of DEFENDANTS' corporate policy, practices and

27  procedures.

28

3

COMPLAINT

1

2                                    **CLASS ALLEGATIONS**

3        7.      PLAINTIFF RAMON BARCIA was, at all material times mentioned herein, an

4   individual who resided in California and worked for DEFENDANTS as a floater during the Class

5   Period.  His employment with CONTAINER-A-WAY, doing business as NEXCYCLE and 20/20

6   RECYCLE CENTERS, in California, began August 11, 2005 and continued to May 2007.  Mr.

7   Barcia is paid hourly at a regular rate of $11.25 per hour.  Using this hourly rate, DEFENDANTS

8   paid Mr. Barcia not based upon the actual number of hours worked, but instead solely on the basis

9   of fictional hours manufactured by the Defendant, irrespective of the fact that Mr. Barcia, like all

10  other floaters and site attendants, was uniformly required to work at a site before opening and after

11  closing.  One example of this practice by the DEFENDANTS occurred when a supervisor came to

12  Mr. Barcia's house where the supervisor altered and forged time-card of the employees.  As a result

13  of the DEFENDANTS' practice, Mr. Barcia was not paid for all hours worked as required by

14  California law, including but not limited to overtime hours.  Mr. Barcia suffered an economic injury

15  as the result the DEFENDANTS' failure to pay him for all hours worked.  DEFENDANTS also

16  failed to provide  Mr. Barcia with statutorily required rest period breaks during the Class Period.

17  After considering the actual number of hours worked by Mr. Barcia, Mr. Barcia's hours worked for

18  DEFENDANTS exceeds 40 hours per week and therefore makes Mr. Barcia an employee of

19  DEEFNDANTS who is eligible to participate in and receive benefits from DEFENDANTS' ERISA

20  plan.

21       8.      PLAINTIFF MATTHEW CARTER was, at all material times mentioned herein, an

22  individual who resided in California who worked for DEFENDANTS during the Class Period.  His

23  employment with CONTAINER-A-WAY, doing business as NEXCYCLE and 20/20 RECYCLE

24  CENTERS, as a recycling site attendant operated by DEFENDANTS, in California, began in

25  September of 2006 and continues to the present.  Mr. Carter was paid hourly at a regular hourly rate

26  of $9.00 per hour.  Using this agreed regular rate, DEFENDANTS paid Mr. Carter, not based upon

27  the actual number of hours worked by Mr. Carter, but instead solely on the basis of the hours the

28

1   recycling site was open to the public, irrespective of the fact that Mr. Carter, like all other site

2   attendants, was uniformly required to work at his site after closing.  As a result of the

3   DEFENDANTS' practice, Mr. Carter was not paid for all hours worked as required by California

4   law, including but not limited to overtime hours.  Mr. Carter suffered an economic injury as the

5   result the DEFENDANTS' failure to pay him for all hours worked at his regular rate of pay.

6   DEFENDANTS also failed to provide  Mr. Carter with statutorily required rest period breaks during

7   the Class Period.  After considering the actual number of hours worked by Mr. Carter, Mr. Carter's

8   hours worked for DEFENDANTS exceeds 40 hours per week and therefore makes Mr. Carter an

9   employee of DEEFNDANTS who is eligible to participate in and receive benefits from

10   DEFENDANTS' ERISA plan.  More than five hundred (500) persons have suffered the same

11   economic injury as PLAINTIFFS during the Class Period as a result of DEFENDANTS systematic

12   and uniform unlawful business practice.

13     9.  The California Legislature has commanded that "all wages... ...earned by any person

14   in any employment are due and payable twice during each calendar month, on days designated in

15   advance by the employer as the regular paydays", and further that  "[a]ny work in excess of eight

16   hours in one workday and any work in excess of 40 hours in any one workweek... ...shall be

17   compensated at the rate of no less than one and one-half times the regular rate of pay for an

18   employee." (Lab. Code §204 and §510(a).)  The Industrial Welfare Commission (IWC), however,

19   is statutorily authorized to "establish exemptions from the requirement that an overtime rate of

20   compensation be paid... ...for executive, administrative, and professional employees, provided [inter

21   alia] that the employee is primarily engaged in duties that meet the test of the exemption, [and]

22   customarily and regularly exercises discretion and independent judgment in performing those

23   duties..." (Lab. Code §510(a).)  None of the PLAINTIFFS or the members of the CLASS qualify

24   for exemption from the above requirements.

25     10.  This Class Action meets the statutory prerequisites for the maintenance of a Class

26   Action as set forth in the Federal Rules of Civil Procedure, rule 23, in that:

27       (a)  The persons who comprise the CLASS are so numerous that the joinder of all

28

1    such persons is impracticable and the disposition of their claims as a class will benefit the parties

2    and the Court;

3              (b)    Nearly all factual, legal, statutory, declaratory and injunctive relief issues that

4    are raised in this Complaint are common to the CLASS and will apply uniformly to every member

5    of the CLASS;

6              (c)    The claims of the representative PLAINTIFFS are typical of the claims of

7    each member of the CLASS.  PLAINTIFFS, like all other members of the CLASS, were

8    systematically not paid wages, including overtime wages, for hours worked before site opening and

9    after the recycling site was closed to the public, arising from DEFENDANTS' uniform practice and

10   violations of the laws of California.  PLAINTIFFS and the members of the CLASS were and are

11   similarly or identically harmed by the same unlawful, deceptive, unfair and pervasive pattern of

12   misconduct engaged in by DEFENDANTS' policy and practice of paying employees based solely

13   upon the hours the site was open to the public, and not for the actual hours worked by employees,

14   including but not limited to overtime hours (i.e. in excess of eight (8) hours in one workday and/or

15   in excess of forth (40) hours per workweek).

16             (d)    The representative PLAINTIFFS will fairly and adequately represent and

17   protect the interest of the CLASS, and has retained counsel who are competent and experienced in

18   Class Action litigation.  There are no material conflicts between the claims of the representative

19   PLAINTIFFS and the members of the CLASS that would make class certification inappropriate.

20   Counsel for the CLASS will vigorously assert the claims of all Class Members.

21        11.    In addition to meeting the statutory prerequisites to a Class Action, this action is

22   properly maintained as a Class Action pursuant to the Federal Rules of Civil Procedure, rule 23(b),

23   in that:

24             (a)    Without class certification and determination of declaratory, injunctive,

25   statutory and other legal questions within the class format, prosecution of separate actions by

26   individual members of the CLASS will create the risk of:

27                  1)    Inconsistent or varying adjudications with respect to individual

28

1    members of the CLASS which would establish incompatible standards of conduct for the parties

2    opposing the CLASS; or,

3           2)      Adjudication with respect to individual members of the CLASS which

4    would as a practical matter be dispositive of interests of the other members not party to the

5    adjudication or substantially impair or impede their ability to protect their interests.

6           (b)      The parties opposing the CLASS have acted on grounds generally applicable

7    to the CLASS, making appropriate class-wide relief with respect to the CLASS as a whole in that

8    the Defendants systematically failed to pay employees based upon the actual number of hours

9    worked and failed to accurately record the hours worked by site attendant and floater employees;

10          (c)      Common questions of law and fact exist as to the members of the CLASS and

11   predominate over any question affecting only individual members, and a Class Action is superior to

12   other available methods for the fair and efficient adjudication of the controversy, including

13   consideration of:

14          1)      The interests of the members of the CLASS in individually

15   controlling the prosecution or defense of separate actions;

16          2)      The extent and nature of any litigation concerning the controversy

17   already commenced by or against members of the CLASS;

18          3)      The desirability or undesirability of concentrating the litigation of the

19   claims in the particular forum; and,

20          4)      The difficulties likely to be encountered in the management of a Class

21   Action.

22   12.    This Court should permit this action to be maintained as a Class Action pursuant to

23   the Federal Rules of Civil Procedure, rule 23, because:

24          (a)      The questions of law and fact common to the CLASS predominate over any

25   question affecting only individual members;

26          (b)      A Class Action is superior to any other available method for the fair and

27   efficient adjudication of the claims of the members of the CLASS;

28

7

COMPLAINT

1       (c)     The members of the CLASS are so numerous that it is impractical to bring all

2  members of the CLASS before the Court;

3       (d)     PLAINTIFF, and the other CLASS members, will not be able to obtain

4  effective and economic legal redress unless the action is maintained as a Class Action;

5       (e)     There is a community of interest in obtaining appropriate legal and equitable

6  relief for the common law and statutory violations and other improprieties, and in obtaining

7  adequate compensation for the damages and injuries which DEFENDANTS' conduct has inflicted

8  upon the CLASS;

9       (f)     There is a community of interest in ensuring that the combined assets and

10  available insurance of DEFENDANTS are sufficient to adequately compensate the members of the

11  CLASS for the injuries sustained;

12       (g)     DEFENDANTS have acted or refused to act on grounds generally applicable

13  to the CLASS, thereby making final class-wide relief appropriate with respect to the CLASS as a

14  whole; and

15       (h)   The members of the CLASS are readily ascertainable from the business records

16  of DEFENDANTS.  The CLASS consists of all persons employed by DEFENDANTS during the

17  Class Period as a site attendant or floater for one or more of DEFENDANTS' recycling sites in

18  California, who worked before site opening and after site closing and were unlawfully not paid

19  compensation for such work pursuant to the applicable California Labor Code and Industrial

20  Welfare Commission Wage Order Requirements (the "CLASS").  To the extent equitable tolling

21  operates to toll claims by the CLASS against Defendants, the Class period should be adjusted

22  accordingly. To the extent that, due to the DEFENDANTS' violation of Cal. Labor Code § 226(a)

23  and Cal. Code of Regulations, Title 8, § 11040(7), DEFENDANTS have failed to maintain records

24  required by statute, the consequences for such failure should fall on the DEFENDANTS, not the

25  employees, and DEFENDANTS are therefore estopped, as a matter of law, to contest the evidence

26  as to the actual hours worked by employees.

27

28

**DEFENDANTS**

13.     Defendant CONTAINER-A-WAY, at all times during the Class Period was a California Corporation with its principal place of business in the State of California. CONTAINER-A-WAY operates recycling sites throughout California, including but not limited to sites in San Diego, Redlands, and Fairfield, California. CONTAINER-A-WAY operates these recycling sites using its corporate name, or under the fictitious business names NEXCYCLE and/or 20/20 RECYCLE CENTERS, and therefore, collectively, these businesses are jointly referred to herein as CONTAINER-A-WAY or DEFENDANTS. CONTAINER-A-WAY was the employer of PLAINTIFFS and is or was the current and/or former employer of the putative CLASS members during the Class Period. CONTAINER-A-WAY systematically, failed to pay wages due for hours worked at the recycling sites to PLAINTIFFS and the other members of the CLASS as a matter of corporate policy, practice and procedure.

**THE CONDUCT**

14.     PLAINTIFF RAMON BARCIA was hired by defendant CONTAINER-A-WAY on or about August 11, 2005 as a floater employee for CONTAINER-A-WAY's recycling sites in Monterey and Santa Cruz counties, California. As a floater, his job duties are to attend various recycling sites where needed in Monterey and Santa Cruz counties, and perform the same duties as a site attendant employee. Floaters also spend time delivering supplies and picking up paperwork. None of these duties are "exempt" and floaters, just like site attendants, are not exempt and are paid hourly by DEFENDANTS. Just like a site attendant, Mr. Barcia was required to open the recycling center at 10:00 a.m. and keep the recycling center open to the public until 4:30 p.m. In addition, as a floater for DEFENDANTS, Mr. Barcia was required, after site closing, to continue working by completing DEFENDANTS' paperwork and handling the recycled materials for storage and transport. Also, as a floater, Mr. Barcia was required to spend time driving and making phone calls for the DEFENDANTS for which time he was not compensated. As part of the job duties of PLAINTIFFS, DEFENDANTS uniformly required employees to perform these activities before the

1  employee can leave the site and after the site is closed to the public. As a result, Mr. Barcia has

2  been forced to work before a site opening and at the site after closing at 4:30 p.m., often until 6:00

3  p.m., however, DEFENDANTS systematically failed, and continue to refuse, to fully compensate

4  Mr. Barcia for the hours worked after site closing (4:30 p.m.). DEFENDANTS are aware of the

5  additional work, but as a matter of corporate practice and policy, instead record Mr. Barcia's hours

6  worked based solely upon the time the site is open to the public (10:00 a.m. to 4:30 a.m.), and

7  systematically disregarded the actual hours worked by Mr. Barcia. DEFENDANTS' practice and

8  policy therefore requires Mr. Barcia to work hours each day without compensation in violation of

9  California law. Further, if Mr. Barcia's hours worked were correctly recorded and paid by

10  DEFENDANTS, many of the additional hours worked by Mr. Barcia would have to be paid at the

11  overtime wage required by Cal. Labor Code § 510. Similarly, if Mr. Barcia's hours worked were

12  correctly recorded by DEFENDANTS, Mr. Barcia would be eligible to receive benefits under the

13  DEFENDANTS' ERISA plan. Finally, while Mr. Barcia received a break for lunch, Mr. Barcia was

14  not provided with the statutorily required rest period breaks during the class period based upon his

15  actual hours worked.

16       15.   Mr. Barcia attempted to accurately record the actual hours worked, however, he

17  learned that representatives changed employee time records to reflect only the hours the site was

18  open to the public, and not the actual hours worked by Mr. Barcia. Mr. Barcia had complained

19  about the fabrication of the hours and the underpayment of wages due to his supervisor, but such

20  complaint was ignored.

21       16.   The relevant facts regarding the employment and payment of wages to PLAINTIFF

22  MATTHEW CARTER are nearly identical to the circumstances of Mr. Barcia. PLAINTIFF

23  MATTHER CARTER was hired by defendant CONTAINER-A-WAY on or about September of

24  2006 as a site attendant employee for one of the CONTAINER-A-WAY recycling sites in Fairfield,

25  California, where his job duties are to attend the recycling center and pay customers for the

26  recyclable aluminum cans, plastic bottles and glass that are returned by the customer. Mr. Carter is

27  required to open the recycling center at 10:00 a.m. and keep the recycling center open to the public

28

1  until 4:30 p.m.  In addition, as a recycling site attendant for DEFENDANTS, Mr. Carter is required,

2  after site closing, to continue working by completing DEFENDANTS' paperwork and handling the

3  recycled materials for storage and transport.  As part of the job duties for PLAINTIFFS and all other

4  site attendants, DEFENDANTS require employees to perform these activities before the employee

5  can leave and after the site is closed to the public.  As a result, Mr. Carter has been forced to

6  continue working at the site after closing at 4:30 p.m., often until 8:30 p.m., however,

7  DEFENDANTS systematically failed, and continue to refuse, to compensate Mr. Carter for the

8  hours worked after site closing (4:30 p.m.).  DEFENDANTS are aware of the additional work, but

9  as a matter of corporate practice and policy, instead record Mr. Carter's hours worked based solely

10  upon the time the recycling site is open to the public (10:00 a.m. to 4:30 a.m.), and systematically

11  disregarded the actual hours worked by Mr. Carter.  DEFENDANTS' practice and policy therefore

12  requires Mr. Carter to work additional hours each day without compensation in violation of

13  California law. Further, if Mr. Carter's hours worked were correctly recorded and paid by

14  DEFENDANTS, many of the additional hours worked by Mr. Carter would have to be paid at the

15  overtime wage required by Cal. Labor Code § 512.  Similarly, if Mr. Carter's hours worked were

16  correctly recorded by DEFENDANTS, Mr. Carter would be eligible to receive benefits under the

17  DEFENDANTS' ERISA plan.   Finally, while Mr. Carter received a break for lunch, Mr. Carter was

18  not provided with the statutorily required rest period breaks during the class period based upon his

19  actual hours worked.

20      17.  DEFENDANTS systematically recorded hours worked and thereupon paid wages to

21  the PLAINTIFFS and all other members of the CLASS, using this same unlawful practice and

22  policy of recording time based solely upon the time the site was open to the public and without

23  regard to the hours actually worked by employees.  Consequently, PLAINTIFFS and the other

24  members of the CLASS were uniformly and systematically denied payment for wages and

25  compensation for hours worked and denied overtime wages for hours worked in excess of eight

26  hours per day and/or forty hours per week during the class period.  In addition, DEFENDANTS,

27  acting in their role as the ERISA plan fiduciary, fail to properly record the number of hours worked

28

1  by PLAINTIFFS and all other employees for the purpose of denying them participation in and

2  benefits under the DEFENDANTS' ERISA plan.  DEFENDANTS were informed of the wrongful

3  recording of hours worked, but refused and failed to correct such recording of hours for purposes of

4  the ERISA plan.  If all hours worked by site attendant and floater employees were correctly

5  recorded by the ERISA plan fiduciary, all site attendant and floater employees would be eligible to

6  receive benefits under the DEFENDANTS' ERISA plan.

7       18.    Accordingly, and despite the fact that PLAINTIFFS, and the other members of the

8  CLASS, regularly worked after the recycling center closed to the public and in excess of 8 hours a

9  day and 40 hours per week, they did not receive wages for all hours worked and did not receive

10 overtime compensation, and as a result, all suffered the same form of economic injury.

11      19.    In addition, under Cal. Lab. Code §§ 226.7 and 512, based upon the actual hours

12 worked by the employees, PLAINTIFFS and the other members of the CLASS, were required to be

13 provided with at least two (2) rest period breaks each workday.  DEFENDANTS failed to provide

14 PLAINTIFFS and all other members of the CLASS with these statutorily required rest period breaks

15 during the Class Period which has caused additional economic injuries to PLAINTIFFS and other

16 members of the CLASS.

17      20.    Finally, DEFENDANTS engaged in a policy and practice of threatening and/or

18 terminating employees who complained about the DEFENDANTS' violations of the California

19 Labor Code or who requested to be paid for all hours worked.  Further, DEFENDANTS threaten to,

20 and in fact do, retaliate against employees who refuse to participate in activities that violate

21 California law, including but not limited to, inaccurate reporting of hours worked and the fraudulent

22 alteration of time records and employee information.  For example, Candy Dotson, a regional

23 manager of Defendants, went to all of the sites she manages and instituted DEFENDANTS' policy

24 and practice of threatening and/or terminating employees who complained about the

25 DEFENDANTS' violations of the California Labor Code by informing employees that they would

26 be terminated if they reported Labor Code violations, sought to enforce their rights under the Labor

27 Code, and/or disclosed their knowledge of Labor Code violations by the DEFENDANTS.

28

# FIRST CAUSE OF ACTION

## For Failure To Pay Earned Wages and Overtime Compensation

## [Cal. Lab. Code §§ 204, 210, 218, 510, 1194 and 1198]

## (By PLAINTIFFS and the CLASS and Against all Defendants)

21.     PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 20 of this Complaint.

22.     Cal. Lab. Code § 204 requires employers to pay employees for all hours worked as follows: "all wages... ...earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays." Cal. Lab. Code § 510 further provides that employees in California shall not be employed more than eight (8) hours in any workday or forty (40) hours in a workweek unless they receive additional compensation beyond their regular wages in amounts specified by law.

23.     Cal. Lab. Code § 218 and §1194 establishes an employee's right to recover unpaid wages overtime compensation, interest thereon, together with the costs of suit, and attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for longer hours than those fixed by the Industrial Welfare Commission is unlawful.

24.     As set forth herein, DEFENDANTS' policy and practice was to intentionally and uniformly deny payment to site attendant and floater employees for all hours worked, and further failed to pay overtime compensation for hours worked in excess of eight hours in a day and/or forty hours in a workweek.  This was done in an illegal attempt to avoid payment of earned wages, overtime compensation and other benefits in violation of the Cal. Lab. Code and Industrial Welfare Commission requirements.

25.     The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515, set forth the requirements which must be complied with to classify an employee as exempt from applicable labor laws.  For an employee to be exempt from these rules as a bona fide "executive," all the following criteria must be met and DEFENDANTS have the burden of proving that:

(a)     The employee's primary duty must be management of the enterprise, or of a

13

COMPLAINT

1   customarily recognized department or subdivision; and,

2      (b) The employee must customarily and regularly direct the work of at least two

3   (2) or more other employees; and,

4      (c) The employee must have the authority to hire and fire, or to command

5   particularly serious attention to his or his recommendations on such actions affecting other

6   employees; and,

7      (d) The employee must customarily and regularly exercise discretion and

8   independent judgment; and,

9      (e) The employee must be primarily engaged in duties which meet the test of

10   exemption.

11   No member of the CLASS was or is an executive because they all fail to meet the requirements of

12   being an exempt "executive" within the meaning of Order No. 4.

13     26. The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515,

14   set forth the requirements which must be complied with to classify an employee as exempt from

15   applicable labor laws.  For an employee to be exempt from these rules as a bona fide

16   "administrator," all the following criteria must be met and DEFENDANTS have the burden of

17   proving that:

18      (a) The employee must perform office or non-manual work directly related to

19   management policies or general business operation of the employer; and,

20      (b) The employee must customarily and regularly exercise discretion and

21   independent judgment; and,

22      (c) The employee must regularly and directly assist a proprietor or an exempt

23   administrator; or,

24      (d) The employee must perform, under only general supervision, work requiring

25   special training, experience, or knowledge, or,

26      (e) The employee must execute special assignments and tasks under only general

27   supervision; and,

28

1         (f)      The employee must be primarily engaged in duties which meet the test of

2 exemption.

3 No member of the CLASS was or is an administrator because they all fail to meet the requirements

4 for being an exempt "administrator" under Order No. 4.

5        27.    The Industrial Welfare Commission, ICW Wage Order No. 4, and Labor Code §515,

6 set forth the requirements which must be complied with to classify an employee as exempt from

7 applicable labor laws. For an employee to be exempt from these rules as a bona fide "professional,"

8 all the following criteria must be met and DEFENDANTS have the burden of proving that:

9         (a)     The employee is primarily engaged in an occupation commonly recognized

10 as a learned or artistic profession. For the purposes of this subsection, "learned or artistic

11 profession" means an employee who is primarily engaged in the performance of:

12              1)     Work requiring knowledge of an advanced type in a field or science or

13 learning customarily acquired by a prolonged course of specialized intellectual instruction and

14 study, as distinguished from a general academic education and from an apprenticeship, and from

15 training in the performance of routine mental, manual, or physical processes, or work that is an

16 essential part or necessarily incident to any of the above work; or,

17              2)     Work that is original and creative in character in a recognized field of

18 artistic endeavor, and the result of which depends primarily on the invention, imagination or talent

19 of the employee or work that is an essential part of or incident to any of the above work; and,

20              3)     Whose work is predominately intellectual and varied in character (as

21 opposed to routine mental, manual, mechanical, or physical work) and is of such character cannot be

22 standardized in relation to a given period of time.

23         (b)     The employee must customarily and regularly exercise discretion and

24 independent judgment; and.

25         (c)     The employee earns a monthly salary equivalent to no less than two (2) times

26 the state minimum wage for full-time employment.

27 PLAINTIFFS and all members of the CLASS were uniformly paid less than two times the

28

1   minimum wage during the Class Period.  No member of the CLASS was or is a professional

2   because they all fail to meet the requirements of being an exempt "professional" within the meaning

3   of Order No. 4.

4          28.     PLAINTIFFS, and other members of the CLASS, do not fit the definition of an

5   exempt executive, administrative, or professional employee because:

6                  (a)     They did not work as executives or administrators; and,

7                  (b)     The professional exemption articulated in Wage Order No. 4, section

8   (1)(A)(3)(h) and Labor Code § 515,  do not apply to PLAINTIFFS, or to the other members of the

9   CLASS, because they did not meet all the applicable requirements to work under any of the

10  exemptions.

11         29.     During the class period, the PLAINTIFFS, and other members of the CLASS,

12  worked more hours than they were paid for, constituting a failure to pay all earned wages.

13         30.     During the Class Period, the PLAINTIFFS, and other members of the CLASS,

14  worked more that eight hours in a workday, and/or more than forty hours in a work week.

15         31.     At all times relevant times, DEFENDANTS failed to pay PLAINTIFFS, and other

16  members of the CLASS, wages for the hours they have worked as required by Cal. Lab. Code §204

17  and § 218, and overtime compensation for the hours they have worked in excess of the maximum

18  hours permissible by law as required by Cal. Lab. Code §§ 510 and 1198, even though

19  PLAINTIFFS, and the other members of the CLASS, were regularly required to work, and did in

20  fact work, hours after the site closed and before the site opened, which further included overtime

21  hours.

22         32.     By virtue of DEFENDANTS' unlawful failure to pay additional compensation to the

23  PLAINTIFFS, and the other members of the CLASS, for the hours actually worked, the

24  PLAINTIFFS, and the other members of the CLASS, have suffered, and will continue to suffer, an

25  economic injury in amounts which are presently unknown to them and which will be ascertained

26  according to proof at trial.

27         33.     DEFENDANTS knew or should have known that PLAINTIFFS, and the other

28

1  members of the CLASS, performed hours of work before opening and after the closing of the site to

2  the public. DEFENDANTS systematically elected, either through intentional malfeasance or gross

3  nonfeasance, not to pay them for their labor as a matter of uniform corporate policy, practice and

4  procedure.

5      34.    PLAINTIFFS, and the other members of the CLASS, request recovery of wages due

6  and applicable overtime compensation according to proof, interest, attorney's fees and cost pursuant

7  to Cal. Lab. Code § 218.5 and § 1194(a), as well as the assessment of any statutory penalties against

8  DEFENDANTS, in a sum as provided by the Cal. Lab. Code and/or other statutes.  Further,

9  PLAINTIFFS, and the other members of the CLASS, are entitled to seek and recover reasonable

10  attorneys' fees and costs pursuant to Cal. Lab. Code §§ 218.5 and 1194.

11      35.    In performing the acts and practices herein alleged in violation of labor laws and

12  refusing to provide the requisite overtime compensation, the DEFENDANTS acted and continue to

13  act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and toward the other

14  members of the CLASS, with a conscious and utter disregard of their legal rights, or the

15  consequences to them, and with the despicable intent of depriving them of their property and legal

16  rights and otherwise causing them injury in order to increase corporate profits at the expense of

17  PLAINTIFFS and the members of the Class.

18

19  **SECOND CAUSE OF ACTION**

20  **For Failure To Provide Rest Periods**

21  **[Cal. Lab. Code §§ 226.7 and 512]**

22  **(By PLAINTIFFS and the CLASS and Against All DEFENDANTS)**

23      36.    PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by

24  reference, as though fully set forth herein, paragraphs 1 through 35 of this Complaint.

25      37.    Cal. Lab. Code § 226.7 provides that employers shall authorize and permit

26  employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of

27  work.

28

17
COMPLAINT

38.     Cal. Lab. Code § 226.7 provides that if an employer fails to provide and employee rest periods in accordance with this section, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

39.     DEFENDANTS have intentionally and improperly denied rest periods to PLAINTIFFS, and other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512, based upon the hours worked by DEFENDANTS' recycling site attendant and floater employees.

40.     At all times relevant hereto, the PLAINTIFFS, and other members of the CLASS, have worked more than four hours in a workday.  At all times relevant hereto, DEFENDANTS failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

41.     By virtue of DEFENDANTS' unlawful failure to provide rest periods to them, PLAINTIFFS, and other members of the CLASS, have suffered, and will continue to suffer, damages in the amounts which are presently unknown to them, but which will be ascertained and established according to proof at trial.

42.     PLAINTIFFS are informed and believe, and based upon that information and belief alleges, that DEFENDANTS know or should have known that the PLAINTIFFS, and the other members of the CLASS, were entitled to rest periods but purposely elected not to provide these mandated periods.

43.     PLAINTIFFS, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

44.     In performing the acts and practices herein alleged in violation of the labor laws, the DEFENDANTS acted and continue to act intentionally, oppressively, and maliciously toward the PLAINTIFFS, and toward the other members of the CLASS, with a conscious and utter disregard of their rights, or the consequences to them, and with the despicable intent of depriving them of their property and legal rights and otherwise causing them injury in order to increase corporate profits at the expense of PLAINTIFFS and the other members of the CLASS.

## THIRD CAUSE OF ACTION

### For Failure to Provide Accurate Itemized Statements

### [Cal. Lab. Code § 226]

### (By PLAINTIFFS and the CLASS and against All Defendants)

45.     PLAINTIFF, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 44 of this Complaint.

46.     Cal. Labor Code § 226 provides that an employer must furnish employees with "an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

47.     At all times relevant herein, DEFENDANTS violated Labor Code § 226, in that DEFENDANTS failed to properly and accurately itemize the number of hours worked by PLAINTIFFS, and the other members of the CLASS at the effective regular rates of pay and the effective overtime rates of pay.

48.     DEFENDANTS knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFFS, and the other members of the CLASS.  These damages include, but are not limited to, unpaid wages for hours actually worked, the costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to state and federal tax authorities, plus reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

### FOURTH CAUSE OF ACTION

**For Unlawful Business Practices**

**[Cal. Bus. And Prof. Code § 17200 et seq.]**

**(By PLAINTIFFS and the CLASS and against All Defendants)**

49.     PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 48 of this Complaint.

50.     DEFENDANTS are "persons" as that term is defined under Cal. Bus. & Prof. Code § 17021.

51.     Cal. Bus. & Prof. Code § 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Section 17200 applies to violations of labor laws and in the employment context.

52.     At all times relevant hereto, by and through the conduct described herein, DEFENDANTS have engaged in unfair and unlawful' practices by failing to pay PLAINTIFFS, and the other members of the CLASS, wages due, and have failed to provide rest breaks, pursuant to the applicable Cal. Lab. Code, and Industrial Welfare Commission requirements in violation of Cal. Bus. and Prof. Code § 17200 et seq., and have thereby deprived PLAINTIFF, and the other members of the CLASS, of fundamental rights and privileges and caused them economic injury as herein alleged.  DEFENDANTS engaged in unfair competition by withholding compensation for hours worked.  DEFENDANTS further engaged in unfair and unlawful business practices by failing to keep accurate information and time records and failing to accurately itemize the total hours worked by DEFENDANTS' employees, in violation of California law.  As herein alleged, DEFENDANTS' conduct was unlawful in that, with respect to all California employees, DEFENDANTS uniformly violated California law and regulations, including but not limited to Labor Code §201, §202, §216, §204, §218, §226, §226.7, §510, §512, §1102.5, §1174, §1175, §1198, and 8 C.C.R. § 11040(7).  DEFENDANTS' conduct also violated federal law.

53.     By and through the unfair and unlawful business practices described herein, Defendants have obtained valuable property, money, and services from the PLAINTIFFS, and the

other members of the CLASS, and has deprived them of valuable rights and benefits guaranteed by law and contract, all to their detriment and to the benefit of DEFENDANTS so as to allow DEFENDANTS to unfairly compete against competitors who comply with the law.

54.     All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and Thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code § 17200 et seq.

55.     PLAINTIFFS, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which DEFENDANTS have acquired, or of which PLAINTIFFS, and other members of the CLASS, have been deprived, by means of the above described unfair and unlawful business practices.

56.     PLAINTIFFS, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that injunctive relief should be issued enjoining DEFENDANTS from engaging in any of these unfair and unlawful business practices in the future.

57.     PLAINTIFFS, and the other members of the CLASS, have no plan, speedy, and/or adequate remedy at law that will end the unfair and unlawful business practices of DEFENDANTS. As a result of the unfair and unlawful business practices described above, PLAINTIFFS, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless DEFENDANTS are restrained from continuing to engage in these unfair and unlawful business practices.  In addition, DEFENDANTS should be required to disgorge the unpaid moneys to PLAINTIFFS, and the other members of the CLASS.

**FIFTH CAUSE OF ACTION**

**For Declaratory and Injunctive Relief Under an ERISA Plan**

**[29 U.S.C. 1132]**

**(By PLAINTIFFS and the CLASS and against All Defendants)**

58.   PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 57 of this Complaint.

59.   The number of hours worked by PLAINTIFFS and the CLASS for DEFENDANTS were not correctly recorded by the DEFENDANTS when acting in a fiduciary capacity as the ERISA plan administrator.  PLAINTIFFS and the members of the CLASS actually worked in excess of 40 hours per week.  If the number of hours worked by PLAINTIFFS and the CLASS for DEFENDANTS were not correctly recorded by the ERISA plan fiduciary, PLAINTIFFS and the other members of the CLASS would have been and would be eligible for benefits under the DEFENDANTS' ERISA plan pursuant to the terms of the ERISA plan.  Any employee of the DEFENDANTS who works at least 40 hours per week is eligible to receive benefits under the DEFENDANTS' ERISA plan pursuant to the terms of the ERISA plan.

60.   An actual controversy exists between PLAINTIFFS and the CLASS, on the one hand, and DEFENDANTS, as the fiduciary for the ERISA plan, one the other, with respect to the proper recording of hours worked for purposes of determining participation and eligibility under the DEFENDANTS' ERISA plan.  PLAINTIFFS, on behalf of themselves and on behalf of the CLASS, contend that they work in excess of 40 hours per week and are therefore eligible to receive benefits under the ERISA plan, yet DEFENDANTS, acting as the plan fiduciary, knowingly records the number of hours worked by PLAINTIFFS and the CLASS incorrectly, and on that basis, has denied and continues to deny participation in the ERISA plan to such employees.  DEFENDANTS' conduct, as the ERISA plan fiduciary, in failing to correctly record hours worked and deny plan participation to employees, is arbitrary, capricious, in bad faith and malicious.

61.   PLAINTIFFS, on behalf of themselves and on behalf of the CLASS, request a judicial declaration of the rights of the parties pursuant to the terms of the ERISA plan, and further requests a judicial declaration that DEFENDANTS are required to record the actual number of hours worked by employees for purposes of determining participation in and/or eligibility for the ERISA plan.

62.   PLAINTIFFS, on behalf of themselves and on behalf of the CLASS, seek injunctive

relief requiring the plan fiduciary to correct ERISA plan recordkeeping and all other equitable relief available to PLAINTIFFS and the CLASS, pursuant to 29 U.S.C. § 1132(a)(3).

63.     29 U.S.C. § 1132(g) entitles a plaintiff who prevails in obtaining any of the above relief to an award of reasonable attorneys' fees and costs under the remedial purposes and policies of ERISA.  As a result of the conduct of DEFENDANTS, as ERISA plan fiduciary, in the recordation of hours for purposes of the ERISA plan, PLAINTIFFS have been forced to retain and in fact retained legal counsel and have necessarily incurred attorneys' fees and costs in prosecuting this claim and action.  PLAINTIFFS request an award of all attorneys' fees and costs, including a multiplier enhancement of the lodestar fee, according to law in an amount to be determined.

64.     Further, to the extent that DEFENDANTS, as the ERISA plan fiduciary, are found to have violated any provision of ERISA, PLAINTIFFS seek all appropriate and available relief for such violations.

## SIXTH CAUSE OF ACTION

### For Violation of the Fair Labor Standards Act

### [29 U.S.C. § 201 et seq.]

### (Against All Defendants)

64.     PLAINTIFFS, and the other members of the CLASS, reallege and incorporate by this reference, as though fully set forth herein, paragraphs 1 through 63 of this Complaint.

65.     The Fair Labor Standards Act, 29 U.S.C. §201, et seq., states that an employee must be compensated for all hours worked, including all straight time compensation and overtime compensation.  29 C.F.R. §778.223 and 29 C.F.R. §778.315.  This Court has concurrent jurisdiction over claims involving the Fair Labor Standards Act pursuant to 29 U.S.C. § 216.

66.     PLAINTIFFS and the CLASS were all paid by DEFENDANTS on an hourly basis at a regular and agreed hourly rate.  PLAINTIFFS and the CLASS regularly worked more than 40 hours per week, but were not paid compensation for all hours worked, including overtime hours. PLAINTIFFS and the CLASS were not "exempt" from the requirements of the Fair Labor

Standards Act.

67.     DEFENDANTS violated the Fair Labor Standards Act by failing to pay hourly employees for all hours worked, including overtime hours, as alleged herein above.

### PRAYER

WHEREFOR, PLAINTIFFS, on behalf of themselves and the similarly situated CLASS of employees, pray for judgment against each Defendant, jointly and severally, as follows:

**1.     ON THE FIRST CAUSE OF ACTION**

A)     For compensatory damages, including lost wages, commissions, bonuses, and other losses, during the period commencing on the date that is four years prior to the date of the filing of this Complaint, according to proof;

B)     For general damages, according to proof;

C)     For punitive damages, according to proof;

D)     For an award of interest, including prejudgment interest at the legal rate;

E)     For statutory damages, including reasonable attorneys' fees and cost of suit.

**2.     ON THE SECOND CAUSE OF ACTION**

A)     One hour of pay for each workday in which a rest period break was not provided  for each four hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint;

B)     For punitive damages, according to proof;

C)     For an award of interest, including prejudgment interest at the legal rate;

D)     For attorneys' fees and costs.

**3.     ON THE THIRD CAUSE OF ACTION**

A)     For wages, statutory damages and/or penalties as authorized by law for each

violation of Labor Code § 226, in an amount according to proof at the time of trial;

B)  For general damages, according to proof;

C)  For punitive damages, according to proof;

D)  For other injunctive relief;

E)  For an award of interest, including prejudgment interest at the legal rate;

F)  For statutory damages, including reasonable attorneys' fees and cost of suit.


**4.  ON THE FOURTH CAUSE OF ACTION**

A)  For restitution and restitutionary disgorgement;

B)  For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

C)  For other injunctive relief ordering DEFENDANTS to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.


**5.  ON THE FIFTH CAUSE OF ACTION**

A)  For a judicial declaration of the rights of the parties, violations of ERISA and clarifications of benefits owed;

B)  For injunctive relief requiring the ERISA plan fiduciary to record the actual number of hours worked for purposes of the ERISA plan and to require the ERISA plan fiduciary to correct and compile the appropriate wage and hour records.

C)  For all equitable relief allowable under 29 U.S.C. §1132(a)(3), including any applicable interest thereon.

D)  For attorneys' fees and costs.


**6.  ON THE SIXTH CAUSE OF ACTION**

A)  For restitution, damages, unpaid compensation and/or liquidated damages;

B)  For attorneys' fees and costs.

7.    **ON ALL CAUSES OF ACTION**

A)    For an order certifying that this action may be maintained as a class action against the DEFENDANTS and which also appoints PLAINTIFFS and their counsel to represent the CLASS and directs that notice be given to the members of the CLASS; and,

B)    For such other and further relief as the Court deems just and proper.

Dated:   May 22, 2007                    BLUMENTHAL & NORDREHAUG

By: _____
        Norman B. Blumenthal
        Attorneys for Plaintiffs

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047

1

## DEMAND FOR JURY TRIAL

2

PLAINTIFFS demand jury trial on issues triable to a jury.

3

4

Dated: May 22, 2007

5

6

7

BLUMENTHAL & NORDREHAUG

By:_____
Norman B. Blumenthal
Attorneys for Plaintiffs

8

9

10

11

UNITED EMPLOYEES LAW GROUP
Walter Haines, Esq.
65 Pine Ave, #312
Long Beach, CA 90802
Telephone: (562) 256-1047
Facsimile: (562) 256-1006

12

13

14

K:\D\NBB\Lewis v. Nexcycle\p-Complaint-Federal.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

FILED

**I (a) PLAINTIFFS**

RAMON BARCIA; MATTHEW CARTER; on behalf of themselves and on behalf of all persons similarly situated,

**DEFENDANTS**

CONTAIN-A-WAY, INC., a corporation; doing business as NEXCYCLE and 20/20 RECYCLE CENTERS

07 MAY 23 PM 4: 17

U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                          DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Monterey, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Los Angeles
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Norman Blumenthal, Blumenthal & Nordrehaug, 2255 Calle Clara, La Jolla, CA  92037  (858)551-1223

**ATTORNEYS (IF KNOWN)**

'07 CV  938 IEG    (JMA)

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

(1) 29 USC 1132 - Declaratory and Equitable relief under ERISA
(2) 29 USC 216 - Violations of Fair Labor Standards Act

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 640 RR & Truck | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 650 Airline Regs | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 690 Other | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | ☒ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 555 Prisoner Conditions | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☒☒ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions):    JUDGE

Docket Number

DATE May 10, 2007

SIGNATURE OF ATTORNEY OF RECORD

PAID $350 5/23/07 BY RCPT# 138535

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44

### Authority For Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should completed the form as follows:

I.(a) Plaintiffs - Defendants. Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giveing both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved).

(c) Attorneys. Enter firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. Jurisdiction. The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place the "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction is based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, it officers or agencies, place an X in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III. Residence (citizenship) of Principal Parties. This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. Cause of Action. Report the civil statute directly related to the cause of action and give a brief description of the cause.

V. Nature of Suit. Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action , in Section IV above, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

VI. Origin. Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate's decision.

VII. Requested in Complaint. Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. Related Cases. This section of the JS-44 is used to reference relating pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

Date and Attorney Signature. Date and sign the civil cover sheet.
(rev. 07/89)

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

**# 138535   — BH
* * C O P Y * *
May 23. 2007
16:23:44**

**Civ Fil Non—Pris**
USAO #.: 07CV0938 CIV. FIL.
Judge..: IRMA E GONZALEZ
Amount.:                    $350.00 CK
Check#.: BC# 11320

**Total—>   $350.00**

FROM: BARCIA & CARTER V. CONTAIN-A-W
      CIVIL FILING