# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON BARCIA, on behalf of himself and all persons similarly situated,<br><br>                              Plaintiff,<br>vs.<br><br>CONTAIN-A-WAY, Inc.,<br>                             Defendant. | CASE NO. 07cv938-IEG-JMA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND IN PART AND DENYING IN PART AS MOOT**<br><br>[Doc. No. 15.] |

Presently before the Court is plaintiff Ramon Barcia's motion to amend the complaint. (Doc. No. 15.) Defendant Contain-A-Way, Inc., has filed an opposition to the motion (Doc. No. 16) and plaintiff has filed a reply. (Doc. No. 17.) The Court finds the matter fully briefed and appropriate for disposition without oral argument pursuant to Local Civil Rule 7.1(d)(1). For the following reasons, the Court GRANTS plaintiff leave to file an amended complaint and DENIES the motion in part as moot.

## BACKGROUND

Plaintiff brings the instant class action on behalf of employees at defendant's recycling centers for alleged violations of federal and state labor laws. Plaintiff filed a complaint on May 23, 2007, alleging six causes of action: (1) failure to pay earned wages and overtime compensation; (2) failure to provide rest periods; (3) failure to provide accurate itemized statements; (4) unlawful business practices in violation of California's Unfair Competition Law;

1  (5) declarative and injunctive relief under an Employee Retirement Income Security Act
2  ("ERISA") plan; and (6) violations of the Fair Labor Standards Act. Defendant filed an answer on
3  September 14, 2007. (Doc. No. 4.)
4      In the instant motion, filed February 25, 2008,[1] plaintiff seeks leave to: (1) add a new co-
5  lead plaintiff; (2) modify the facts pleaded regarding meal and rest periods; (3) add a claim for
6  monetary damages in connection with the ERISA claim; (4) claim an additional remedy under
7  California's Private Attorneys General Act; and (5) amend the class definition.

8  DISCUSSION

9  <u>Legal Standard</u>

10     Under Rule 15 of the Federal Rules of Civil Procedure, "a party may amend the party's
11 pleading only by leave of court or by written consent of the adverse party; and leave shall be freely
12 given when justice so requires." Leave to amend is granted with "extreme liberality." <u>Morongo</u>
13 <u>Band of Mission Indians v. Rose</u>, 893 F.2d 1074, 1079 (9th Cir. 1990). "There are several
14 accepted reasons why leave to amend should not be granted, including the presence of bad faith on
15 the part of the [party seeking to amend], undue delay, prejudice to the [party opposing
16 amendment], futility of amendment, and that the party has previously amended the relevant
17 pleading." <u>Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.</u>, 989 F. Supp. 1237, 1241
18 (N.D. Cal. 1997). "Not all of the factors merit equal weight. As this circuit and others have held,
19 it is the consideration of prejudice to the opposing party that carries the greatest weight."
20 <u>Eminence Capital, LLC v. Aspeon, Inc.</u>, 316 F.3d 1048, 1052 (9th Cir. 2003).
21 //
22 //
23 //
24 //

---

28  [1]This was the last day to file any motions to amend the pleadings pursuant to Magistrate Judge Jan M. Adler's Scheduling Order of December 20, 2007. (Doc. No. 14.)

Analysis

1.   Stipulated Amendments

Defendant does not oppose adding Randall Lewis as co-lead plaintiff to replace Matthew Carter, who voluntarily dismissed his claims in December, 2007. Defendant does oppose the proposed addition of facts alleging a "seventh consecutive workday claim."[2] Plaintiff, in reply, concedes he proposed this amendment by mistake, and no longer seeks leave to add seventh consecutive workday allegations. (Reply at 1, 10.) Accordingly, plaintiff may add Mr. Lewis as co-lead plaintiff and the Court denies plaintiff's motion as moot with respect to the seventh consecutive workday claim.

2.   Contested Amendments

   A.   Amended Meal and Rest Period Allegations

Plaintiff Ramon Barcia initially pleaded he received lunch breaks but did not receive rest periods. The proposed first amended complaint states that in addition to not receiving rest periods, the employees "did not always receive the required break for lunch." Defendant argues this amendment is futile because plaintiff may not contradict the prior pleading.[3] In reply, plaintiff argues the prior pleading was a mistake. Randall Lewis, the new co-lead plaintiff, illustrated in his deposition on January 11, 2008 the employees' difficulty in differentiating between meal and rest periods. (Reply, Ex. 4.)[4] He also provided factual support for the new allegations. (Id.)

Amendments to correct for attorney mistakes, even when those mistakes would have been prevented by consultation with a client, are permissible if they do not prejudice the non-moving party. See, e.g., Jornigan v. N.M. Mut. Cas. Co., 228 F.R.D. 661, 664 (D.N.M. 2004) (permitting amendment to deny allegation where attorney mistakenly admitted a crucial fact, which he

---

[2] In the proposed allegations, plaintiff claims defendant failed to pay the class overtime compensation for hours worked "on the seventh consecutive day in a workweek." (Doc. No. 15-3 at 14.)

[3] Defendant requests the Court to rule the statute of limitations will begin to run at the time the newly amended complaint is filed, but does not provide any legal basis for doing so. (Opp. at 13.) The Court therefore denies the request.

[4] For example, when defendant's counsel asked Mr. Lewis to "define a rest break," he explained it was "[d]oing your own thing that's not at the recycling center. Going, go to McDonald's, get a sandwich or something or inside the store, get a sandwich or – you know, anything that's not doing anything for the business or –." (Reply, Ex. 4 at 131.) Mr. Lewis continued to include lunch in answering "rest period" questions throughout the deposition, despite defendant's counsel's attempts to direct his attention solely to rest periods. (Id. at 133-35, 138, 140-42, & 144.)

discovered was untrue as soon as he consulted with his client, six months later).  Defendant claims it will be prejudiced by the need to conduct additional discovery on the new meal period allegation.  The amendment, however, is based upon the discovery conducted in parallel state court litigation, and the cut-off date for discovery in this case is not until January 30, 2009. (12/20/07 Order, Doc. No. 14.)  Additional discovery on this limited issue will not unduly burden defendant at this time.[5]

### B. ERISA Claim Amendments

Plaintiff initially pleaded an ERISA claim for injunctive and declaratory relief.  Plaintiff's proposed amended complaint adds a claim for monetary damages relying on the Supreme Court's recent decision in Larue v. Dewolff, Boberg & Associates, 522 U.S. ____, 128 S. Ct. 1020 (2008). In Larue, the Court expanded the remedies available to individuals claiming breach of fiduciary duty by a plan administrator.  Defendant argues the Larue decision does not apply to plaintiff's ERISA claim. While the merits are unclear, defendant has not demonstrated the claim would be futile, nor has defendant claimed prejudice resulting from the timing of the amendment. Accordingly, plaintiff may make the proposed amendments to the ERISA claim.

### C. Addition of Private Attorneys General Act Claim

Plaintiff also seeks leave to add a claim under California's Private Attorneys General Act ("PAGA").  PAGA allows a private plaintiff to recover a civil penalty for an employer's Labor Code violation.  If awarded, the penalty is shared by the employees and the Labor and Workforce Development Agency.  Cal. Labor Code § 2699(g)(1).  Thus the statute provides an additional remedy for the Labor Code violations which were previously pleaded by plaintiff.

Defendant argues plaintiff unduly delayed in bringing this claim.  Plaintiff filed the action on May 23, 2007, and filed the instant motion February 25, 2008.  Thus the overall delay is approximately nine months, which is not excessive.  Compare Jornigan, 228 F.R.D. at 661

---

[5]Defendant also asserts the motion is brought in bad faith.  First, defendant argues plaintiff has acted in bad faith because he initially opposed consolidating this case with a parallel action in state court but has now dismissed that action and chosen to proceed only in federal court.  Second, defendant argues the timing of the motion suggests bad faith, because the parties agreed to a mediation beginning April 2, 2008.

Neither argument is persuasive.  Plaintiff has stipulated to the use of the state court discovery in this action. (Reply Ex. 2 at 2.)  Additionally, alleging additional claims or facts may always add to the potential settlement value of a case, but leave should not be denied merely because the parties are engaging in settlement negotiations or mediation.

(permitting amendment of answer approximately six months later due to attorney error), with <u>Komie v. Buehler Corp.</u>, 449 F.2d 644, 648 (9th Cir. 1971) (affirming district court's denial of leave to amend answer when motion made 31 months after answer filed); <u>see also</u> <u>Mende v. Dun & Bradstreet, Inc.</u>, 670 F.2d 129, 131 (9th Cir. 1982) (affirming denial of motion for leave to amend answer after 25 months).  Most importantly, defendant does not show it is prejudiced by this delay.

### D. Amendment of Class Definition

Defendant does not specifically address this proposed amendment.  As discussed previously, defendant has not shown prejudice caused by the proposed amendments.  Accordingly, plaintiff may amend the class definition as specified in the proposed first amended complaint.

### CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion in part.  Plaintiff may file a first amended complaint within ten days which makes the amendments authorized by this order.  The Court DENIES the motion as moot insofar as the amended complaint would add "seventh consecutive workday" allegations.

IT IS SO ORDERED.

**DATED:  April 1, 2008**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**